Case 9:16-cv-80747   Document 1   Entered on FLSD Docket 05/11/2016   Page 1 of 10

1

UNITED STATES DISTRICT COURT
DISTRICT OF FLORIDA

## 16-cv-80747-ROSENBERG/HOPKINS   Case No.

FILED BY _____ D.C.

MAY 1 1 2016

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

IN THE CIRCUIT COURT FOR WEST PALM BEACH COUNTY CASE
No. 502010DR00380XXXXSB/Div.FY
502010 CA 006759 XXXX MB AA

**Julia M Gonzalez ( ex-wife)**
Pro Se Plaintiff/Petitioner
vs.
**Lloyd G. Wickboldt ( ex-husband)**
Defendant/Respondent

## May 10th 2016

## PETITION WITH MEMORANDUM IN SUPPORT FOR NOTICE OF REMOVAL WITH THE FEDERAL YOUNGER DOCTRINE ALERT BECAUSE JUSTICE EQUALITY AND FAIRNESS IS DESERVE FOR ALL AGAINST THE DISPARATE IMPACT

This document is an open declaration by Plaintiff that "the Rule of Law Shall Prevail". The Florida Appellate and County courts have violated Plaintiff's due process right for all her timely manner filed her motions of the associated remedies to she is entitled to.

Therefore, now comes **Plaintiff, Julie M Gonzalez**, in direct support of her petition noticing the Court and all parties of the fact that she is giving her

formal Notice in regards to the removals of the instant state proceedings herein states and provides the following:

Removals under federal law found within Chapter 89 of Title 28 of the United States Code. There are actually eight (8) statutory authorities for removal to federal court, 28 §§ 1441, 1442, 1442a, 1443, 1444, 1452, 1453 and 1454. However, in virtually all substantive and procedural respects, §§ 1442, 1442a, 1444, 1452, 1453 and 1454 are simply special cases of the general § 1441, and all of those have, as their primary crux, whether state courts or federal courts are the most proper *original* jurisdiction. Hence all seven of those will be referred to herein under

That general Section 1441. Section 1443 is a completely different type of removal from all these other seven types; *never* concerned with *original* jurisdiction (indeed, *state* court jurisdiction *and* action are prerequisites). Honorable Court The removal of this state proceedings is legally permissible, in light of a reasonable comparison to the venerable "domestic relations exception" that is sometimes raised in diversity actions, notwithstanding that there are, otherwise, obvious tort and constitutional grounds that *do* supply federal jurisdiction.  Please allow to permit this particular type of removal action. *Ankenbrandt v. Richards*, 504 U.S. 689 (1992). Had this removal action been brought under the guise of "appeal" to review strictly family matters already established under state law, abstention *may* have been more appropriate? However, the choice of *Ankenbrandt*, along with its predecessors and progeny, absolutely confirm that the only correct course of action here is to uphold removal, and to also vindicate the undersigned's rights and damages against the Respondent and the collateral parties.

In *Ankenbrandt*, the United States Supreme Court clearly explained: "*The Barber Court thus did not intend to strip the federal courts of authority to hear cases arising from the domestic relations of persons unless they seek the granting or modification of a divorce or alimony decree.*" (Emphasis added). Moreover, in *City Of Chicago v. Intern'l College Of Surgeons*, 522 U.S. 156 (1997), the Court held that "*A case containing claims that local... action violates federal law, but also containing state law claims for on-the-record review..., can be removed to*

*federal district court.*" They also added that, "*Defendants generally may remove any civil action brought in a State court of which the [federal] district courts... have original jurisdiction. 28 U.S.C. § 1441(a). The district courts' original jurisdiction encompasses cases arising under the Constitution, laws, or treaties of the United States, §1331, and an action satisfies this requirement when the plaintiff's well-pleaded complaint raises issues of federal law, Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63.*" In *Chicago*, the Supreme Court again provided another listing of cases supporting the fact that The instant case can, should, and must be allowed removal, including: *Franchise Tax Board*, 463 U.S., at 13; see also id., at 27-28 (case arises under federal law when federal law creates the cause of action or... the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law); In *Chicago*, the Supreme Court again explained what enables removal in state cases that have been already ongoing: "*The whole point of supplemental jurisdiction is to allow the district courts to exercise pendent jurisdiction over claims as to which original jurisdiction is lacking.*"

The Seventh Circuit Court of Appeals has confirmed the above principles, by listing even more cases in *Maris Friedlander, Aka Maris Freed, Et Al. v. Burton G. Friedlander*, 98-1391 (CA7) that support removal in the instant matter, by stating: "*The only question is whether the domestic relations exception to the diversity jurisdiction bars the suit. That it does not is clear from our decision in Lloyd v. Loeffler, 694 F.2d 489 (7th Cir. 1982), which involved a suit for interference with custody, and from many subsequent decisions, such as McIntyre v. McIntyre, 771 F.2d 1316 (9th Cir. 1985); DeRuggiero v. Rodgers, 743 F.2d 1009, 1018-20 (3d Cir. 1984), and Stone v. Wall, 135 F.3d 1438 (11th Cir. 1998), all similar to Lloyd--and, better yet, from Raftery v. Scott, 756 F.2d 335, 337-38*

*(4th Cir. 1985), and Drewes v. Ilnicki, 863 F.2d 469 (6th Cir. 1988), both cases like this one of intentional infliction of emotional distress."*

The second paragraph of 28 USC § 1446(b) provides additional events, other than original actions, wherein a defendant may remove a State court action into a Federal district court.

**The Petitioner is strictly removing the instant state court action into the jurisdiction of this Federal court, for the express vindication of her civil and constitutional rights, and for various damages of awards for general malfeasance and federal torts committed by the Respondent and collateral parties to the instant state action, including, but not limited to: numerous violations of civil and constitutional rights; namely violating the protection provided under the Due process; conspiracies to conceal and commit fraud with intimidation; maliciously ignoring and manipulating evidence and obstruction of Due process; Petitioner had no legal representation during divorce Trial after my attorney requested to drop my case and the Court granted her request within 8 weeks of Trial; despite filing for continuance of Trial, Request was never acknowledged in writing by the court only verbally was motion denied after numerous attempts to get a response from the court. consistently and maliciously denying due process and my constitutional rights to the 1st and 14th amendments with intent to steal my pre-marital home/land and Homestead exemption, which is protected by the State Constitution; refusals to obey mandatory requirements under conflict of interest and other State laws; refusing and blatantly denying evidence, such as certificate of Homestead Exemption and other irrefutable evidence of Homestead and preventing witnesses to testify; sheltering of the Respondent's misrepresentation; exerting moral coercion, by demanding I sign a contract of sale of my Homestead with their Realtor using intimidation; abuses of power;**

perjury, defamation of character;  Respondent ( ex-husband) falsely and maliciously accused Petitioner,( wife); of embezzlement. Under oath, Respondent intentionally and maliciously committed Perjury, derailing justice and obscuring the truth. Furthermore, Petitioner was denied her constitutional right of testifying, to expose the truth during Trial, to have legal representation, and to have her witnesses testify; Petitioner (wife) was harassed, insulted, bullied, humiliated and intimidated by Respondents attorney, Aragona; who demanded the Court to force Petitioner to tell the Court her true living address, when respondent showed the court her APC Id card , Aragona complaint bitterly to the court,  stating Petitioner's ACP card was trash and will not accept it as proof of address, Petitioner was fearful and very emotional, never before had the ACP card being contested publicly specially in front of  the abuser, in court. I pleaded with the judge, he threaten to find me in contempt of court if I did not tell them where I lived. I cried and was very fearful; I gave the court my aunts address instead.  I could not overcome the fear of having Respondent know where I resided.  The court told Aragona, that Respondent (ex-husband and abuser) was awarded my pre-marital home and in fact my Homestead, where I had resided for almost 4 years, quietly and for my safety, living in hiding from Respondent. The State court committed a great injustice, with prejudice listening and accepting Respondents false allegations and testimony as face value; there was no one to challenge Respondent during Trial; and yet The court without ever hearing my testimony on any of the proceedings, without looking at evidence, without hearing my witnesses; judge and magistrates alike "conclude their briefs", and write" their findings" and "recommendations". Which is basically one of the same "findings" from all of them.

**Abuses of power; and other associated manifest injustices committed by the Respondent and certain collateral parties to the instant state action.**

**28 USC § 1443 provides for the vindication of rights, and for relief for any person "who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof"** U S 1443 is a statutory authorized "prosecution of civil rights violations" just the same as a full blown lawsuit case under 42 USC 1983 is a statutory authorized "prosecution of civil rights violations" just the same as pressing for criminal charges under either/both 18 U S C 241 and/or 242 is a statutorily authorized "Prosecution of Civil rights violations" action too. These are all directly related pursue for the same issues and these can be easily combined and/or merged as desired for the case. [note: 1443 has nothing to do with either the originals fillings or the original 30 days of whatever state court case is referred from. 1443 is filled within any 30 days of any triggering event by the state court / judge done on paper. i. e. any order issued, or even just a notice or whatever else, In short, "FIRST LEARN" **that I learned of my right to remove because the state court / judge has been violating one of more of my various federal rights; "Constitutional Rights, Due Process Rights, Federal Statutory Rights and/or etc. and throughout process supported with fraud, and corruption." Also, it is removal to Federal Court jurisdiction, just because of the horrifically corrupt nature of my state family court involved with divorce laws and where constitutional rights are blatantly violated.** Congress may not have had "family court" on its mind when it enacted, however, 1443 is "custom Made for dealing with the typical family court and its typically oppressive, unlawful practices and patterns of injustice. *"Since FL is still one of the MOST Corrupt States in America: Lives and Finances are being ruined, properties are being lost, innocent people*

*are going to jail and families and individuals are being torn apart and destroyed."* U C C J E A section 201 for jurisdiction when state did not follow the rules of civil procedure under the said law, which leads the state to violate several other U S Constitution, the 1st and 14th Amendments for a fair trial and equal protection not with bias and prejudice. Federal courts have an obligation to hear the cases properly brought before them, so abstention is an extraordinary judicial maneuver.

*Federal Younger Doctrine Alert,* as to any and all Federal questions raised within these proceedings that may still lack proper resolution in compliance with written law and established due process, and providing fair and reasonable final opportunity for the FL County and State court systems to comply with all aspects of Federal law therein, by stating and providing thusly: As thoroughly detailed by the undersigned 's arguments, testimonies, and exhibits as offered in this case, the matters in question have been so utterly defective and grossly inadequate as to deprive Petitioner of even the most basic precepts in the well establish course and due process of American jurisprudence and law. In particular, the sheer amount of ongoing bias, prejudice, and fraud within this case, perpetrated in order to actually aid, abet, conceal and cover-up *repeated* and *continual* acts of violations of established, State and Federal statutes, and thus the due process rights of every citizen of the State of Florida including not only the Plaintiffs but also all other citizens, Families and Children past, present and future yet to be victimized by the Fraudulent Schemes and Artifices of certain FL Judiciary. Plaintiff asserts that these criminal acts violate18 USC 1341, 1349, 18 USC Chapter 96 and other Federal crimes exploiting vulnerable individuals in crisis, families and their children. Plaintiff asserts these crimes perpetrated upon citizens of this State, families and their innocent children are not only grossly disdainful and ghastly, but are indeed, criminal. The sentencing guidelines under 18 USC 1341 are quite

different and nobody listed in this action has immunity from actions or penalties prescribed by this or the numerous other Federal statutes violated in this case.

Since the State courts of Florida are unable to render justice, the Federal court system shall not abstain from hearing and enjoining those same unlawful practices under either the *Younger* doctrine (e.g., see *Younger v. Harris*, 401 U.S. 37 (1971), and its progeny), or the doctrines normally requiring exhaustion of all administrative remedies before applying for a Federal injunction to swiftly address flagrant human and civil rights violations. It would also be deemed unreasonable to presume that justice might always be served in any court in the State of Florida since the evidence shows that perpetrators of these fraudulent schemes and unlawful conduct to be the very people in charge of and directing the affairs of these very same judicial institutions.

Title 28 U.S.C. § 2283, the anti-injunction statute, prohibits Federal courts from enjoining state court proceedings, but the statute exempts from the scope of that prohibition any injunctions which are "expressly authorized" by another Act of Congress. The United States Supreme Court has previously determined that actions brought under the Civil Rights Act of 1871, 42 U.S.C. § 1983, are well within the "expressly authorized" exception to the ban on Federal injunctions. *Mitchum v. Foster*, 407 U.S. 225 (1972).

By giving this formal written notice of the flagrant civil rights violations at play in this case, and by giving the required formal final opportunity for the state court system to now correct those same violations of basic, well established due process rights; the Federal courts are free to, and indeed obligated to address the same matters if the Florida State court system continues to display itself unable to do so.

The exact details of the above torts, civil rights claims, associated actions, and petitions for various awards of damages and other relief, should not be

expressly necessary for the Court to exercise its jurisdiction to now remove the instant state proceedings, but will be provided soon in full for the Court's convenience, and for further and proper notices to the Respondent and said Collateral parties.

WHEREFORE, the undersigned Petitioner, has now provided the above required and otherwise reasonable notice and alert, and all other parties, persons and entities herein are now deemed duly advised in conformance with all requirements of the Federal Courts. The Petitioner, now prays for removal of the above-uncaptioned state court proceedings into, and under, the jurisdiction of this United States District Court, with all speed, for findings and confirmations of numerous violations against civil rights, constitutional rights, for various awards of damages against the Respondent and collateral parties for numerous constitutional torts and general malfeasance against the undersigned, and for all other relief deemed just and proper in the premises.

The petitioner hereby request a Trial by Jury.

Respectfully submitted,

Julie M. Gonzalez
Pro Se Plaintiff/Petitioner Fl
FL Safe at Home, ACP #201127, P O Box7297, Tallahassee, FL 32314

(954) 245-4653 (c)

## CERTIFICATE OF SERVICE

I hereby certify: that on this __10th__ day of May, 2016, a true and complete copy of the Petition with Memorandum foregoing *Notice of Federal Younger Doctrine Alert*, by physical delivery and certification of process service, has been duly served upon the following:

- Fourth Florida Appellate Court; Chief Judge Cori J. Ciklin, 1525 Palm Beach Lakes Blvd, West Palm Beach FL 33401
- Delray Beach County Circuit Court Judge Chief Jeffrey Colbath, 200 W Atlantic Ave Delray Beach, FL 33444
- Anthony Aragona attorney for Lloyd G. Wickboldt, 5097 Sancerre Circle, Lake Worth, FL 33463.

Julie M Gonzalez
Pro Se Plaintiff
PO Box 831911 - PemBroke Pines
Florida 33082